Matter of the Temporary Administration of the Estate of MAY ROOK, Deceased.

(Surrogate's Court, Suffolk County, January, 1917.)

Executors and administrators — when consent of comptroller to transfer of securities may not be arbitrarily refused — transfer tax — appraisal by jewelry expert — Tax Law, § 227.

Under section 227 of the Tax Law which prohibits a transfer of securities, etc., belonging to or standing in the name of a decedent by a safe deposit company, trust company, corporation or person, without retaining a sufficient amount thereof to pay any transfer tax which may thereafter be assessed, unless the state comptroller consents thereto in writing, his " consent " is not a matter of favor, but a right which an administrator is entitled to, and it may not be arbitrarily refused, and in case of such refusal the administrator may apply to the Surrogate's Court for relief.

Where it appears that the state comptroller's representative required an administrator to have jewelry of decedent in a safe deposit vault appraised by a jewelry expert before consenting to the delivery of the jewelry to the administrator, and it further appears that the estate may be benefited by the appraisal, the court on application of the administrator will allow a reasonable fee to the appraiser for his services.

> .  The administrator having given to the comptroller the notice
> provided by section 227 of the Tax Law was entitled to the
> immediate possession of the jewelry and of furniture on storage,
> though the state comptroller withholds his consent to such
> delivery.

APPLICATION for an order directing payment of fees of an appraiser.

George H. Furman, for temporary administrator.

STRONG, S.   The Suffolk County Trust Company, a temporary administrator, has asked the surrogate's approval and for authority to pay an appraiser's fees for appraising certain jewelry.   The jewelry is in a safe deposit vault in New York and the state comptroller has been served with the required ten days' notice by the administrator.   The administrator claims that the state comptroller's representative required them to have the jewelry appraised by a jewelry expert, suggesting several names, before they would consent to have the jewelry delivered to the administrator who was entitled to receive it.   A bill of $100 is presented by one of these appraisers, which I am asked to approve.

It also appears that the decedent had some property in two different warehouses and that the comptroller's representative had demanded from the administrator full appraisals of the goods so held in storage, refusing to accept full inventories offered; in one instance refusing to accept a full appraisal made in November, 1915, of the same goods.

The Tax Law, section 227, provides for notice to the state comptroller of at least ten days prior to the delivery or transfer of any securities, deposits or other assets belonging to or standing in the name of any dece-

35

dent by a safe deposit company, trust company, corporation or person, and prohibits this transfer without the retaining of a sufficient amount thereof to pay any tax which may thereafter be assessed unless the state comptroller consents thereto in writing. The state comptroller and his representatives are public officers with certain duties to perform. It is their duty to assist the executors of an estate to reduce the assets to possession. They should do all in their power to assist an executor to possess himself of an estate with as much expedition as is possible. They cannot require an unnecessary or unusual expenditure upon behalf of an estate. The statute provides for the giving of a consent in order to expedite matters, and to relieve the surrogate from granting an order in each individual case. Upon receiving notice it is the duty of the comptroller to have his representative attend and make a memo of the assets, and if the comptroller so desires he may have an appraisement at his own expense, provided he does not delay the administrator in performing his statutory duties in acquiring control of the property and assets. He may not burden the estate with the expense of an appraisal and withhold his consent to the delivery until this demand has been complied with. The consent is not a matter of favor but a right which the administrator is entitled to and it may not be arbitrarily refused. An executor upon application to the surrogate is entitled to relief from such a refusal.

As the estate may be benefited by the services of the appraisal of the jewelry I will allow a reasonable amount for the services. The appraiser and his assistant together with the stenographer were occupied about two hours in making an inventory and appraisal of the jewelry. At the rate of twenty-five dollars for

an appraiser and his assistant for a full day's services and allowing ten dollars for the services of the stenographer and other disbursements the sum of thirty-five dollars seems adequate for the total services rendered and will be approved. The administrator is entitled to immediate possession of the jewelry; also to the possession of the furniture on storage in the warehouses, on the notice heretofore given to the comptroller.

Ordered accordingly.